NORBERTO JIMÉNEZ-SOTO, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 706. Submitted February 10, 1928.—Decided February 15, 1928.

*Antonio L. López* for the appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

In the registry of property of Guayama there is recorded in favor of José Navarro López a property of 84 acres and it appears from that record that 5 acres have been segregated from the property, leaving it reduced to 79 acres.

The owner of that property has executed a public deed whereby, after stating that he has made various segregations from the property of 84 acres amounting to 39 acres, some of which have been recorded and others not, and describing the remaining 45 acres, he created a mortgage on that remainder in favor of Norberto Jiménez Soto.

The registrar refused to record that mortgage because it does not appear that the part of 45 acres which is mortgaged is the remainder from the property of 84 acres, for there has been a segregation of only 5 acres; and because the record of the mortgage requires a previous record of the part of 45 acres in the name of the debtor as a segregation from the main property, and this has not been asked for expressly, but only the record of the mortgage right.

As no record has been made of the segregations made from the property of 84 acres by its owner with the exception of the parcel of 5 acres, for the purpose of the registry he continues to be the owner of the remaining 79 acres. But as he has a right to mortgage a part of his property, as he has done with regard to 45 acres, we do not think that the segregation of that parcel is required in order to record the mortgage on a portion of the 79 acres because he has not alienated the 45 acres, which is the case requiring the segregation in order to form a property apart from the 79 acres.

The decision of the registrar must be reversed with directions to record the mortgage as encumbering a part of the 79 acres belonging to the mortgagor according to the registry, without the previous segregation and separate record thereof.